FILED

DOJ

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2002 APR 19   A 9 39

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| JOHN CANAL, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK | ) ) ) |
| Defendant. | ) ) ) |

Case No. 3:02-cv-378-J-12 TEM

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to plaintiff and his counsel, based on the facts alleged below, which are predicated upon the investigation undertaken by plaintiff's counsel, whose investigation included analysis of publicly-available news articles and reports, public filings, press releases and other matters of public record. Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth below after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     On or about April 18, 2002 at or around 5:08 p.m. EDT, an Amtrak train No. 52 (hereinafter sometimes referred to as the "Train") derailed in or around Seville, Florida (hereinafter referred to as the "Accident"), causing the plaintiff bodily injury, mental pain and anguish, property damage and similar damage to numerous other people, including passengers on the Train at the time of the Accident.

- 1 -

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because plaintiff's damages exceed $75,000.00 and plaintiff's citizenship is the State of Florida and the defendants are not domiciled in Florida nor have their principal place of business in Florida.

3.     In the alternative to jurisdiction pursuant to 28 U.S.C. § 1331, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because defendant has been remiss in its obligations pursuant to the Rail Passenger Service Act of 1970, as amended, the Amtrak Reform and Accountability Act of 1997, as amended, and the rail safety provisions of 49 U.S.C. 20101 *et seq.*, which violations and/or non-conformance directly and/or indirectly contributed to the cause of the Accident.

4.     In the alternative to jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1331, this Court has jurisdiction pursuant to 28 U.S.C. § 1346, because the defendant is, for all substantive purposes, an agency, department and/or extension of the United States Government.

5.     This matter further involves claims pursuant to state laws that are so related to the claims of federal question that they form a part of the same case and/or controversy under Article III of the United States Constitution and, as such, supplemental subject matter jurisdiction is conferred pursuant to 28 U.S.C. §1367 for said state law claims.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred; and, in the alternative, venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

7.     Plaintiff is domiciled in Lake Mary, Florida, which is within the territorial jurisdictional of this Court. Plaintiff was a passenger on Amtrak train No. 52 at the time of the Accident and suffered, *inter alia*, bodily injury, metal pain and anguish and property damage as a result of the Accident as more fully described, *infra*.

8.     Defendant, National Railroad Passenger Corporation, doing business under the trade name of "Amtrak" (hereinafter sometimes referred to as "Amtrak"), is a District of Columbia corporation with its principal place of business in the District of Columbia.

## PLAINTIFF'S CLASS ALLEGATIONS

9.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons suffering damage as a result of the Accident (hereinafter referred to as the "Class"), included within this class are the following subclasses:

a)     all persons suffering bodily injury as a result of the Accident;

b)     all persons suffering mental pain and anguish as a result of the Accident;

c)     all persons suffering property damage as a result of the Accident;

d)     all person suffering punitive damages as a result of the Accident.

Excluded from the Class are the defendant, any subsidiary or affiliate of defendant and the directors, officers and employees of defendant or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

- 3 -

10.   The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are over 150 members of the Class located in many states, but primarily in Florida.  At the time of the Accident, the Train accommodated 427 people and had 23 auto racks full of automobiles, including one automobile owned by the plaintiff.  Members of the Class may be identified from records maintained by Amtrak and/or its agents and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in train derailment class actions.

11.   Plaintiff's claims are typical of the claims of the other members of the Class as all members of the Class were similarly affected by the defendant's wrongful conduct in violation of federal law and state law that is complained of herein.

12.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

13.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a)   Whether federal laws, *inter alia*, the Rail Passenger Service Act of 1970, as amended, the Amtrak Reform and Accountability Act of 1997, as amended, and the rail safety provisions of 49 U.S.C. 20101 *et seq.*, were violated by defendant's acts and omissions as alleged herein;

- 4 -

b)     Whether state laws, *inter alia*, pursuant to theories of common law negligence, strict liability and those other theories as may be proved at the trial of this matter;

c)     Whether the defendant acted with wanton and reckless disregard regarding its duties toward the plaintiff such that punitive damages are warranted; and,

d)     to what extent the members of the Class have sustained damages and the proper measure of damages.

14.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible and/or impractical for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this suit as a class action.

## BACKGROUND TO THE CASE AND CAUSES OF ACTION

15.     Amtrak has been the subject of great debate regarding the justification of existence and the need for federal assistance and oversight.  As such, many have been enacted to regulate and attempt to de-regulate Amtrak, including the Rail Passenger Service Act of 1970, as amended, the Amtrak Reform and Accountability Act of 1997, as amended, and the rail safety provisions of 49 U.S.C. 20101 *et seq*.  Because of its unique status, Amtrak has substantively been a quasi United States governmental entity with a stated purpose of facilitating and maintaining a national rail system within the constraints and under the duties imposed by the aforecited federal laws.  Amtrak has consistently fallen short of the goals set forth by the

- 5 -

aforecited federal laws and fallen short of maintaining a national rail system that is effective, which by definition is safe for passage and commerce and free from defects.

## SUBSTANTIVE ALLEGATIONS

16.     On or about April 18, 2002 at or around 5:08 p.m. EDT, an Amtrak train No. 52 (hereinafter sometimes referred to as the "Train") derailed in or around Seville, Florida (hereinafter referred to as the "Accident"), causing the plaintiff bodily injury, mental pain and anguish, property damage and similar damage to numerous other people, including passengers on the Train at the time of the Accident.

17.     Defendant, Amtrak, is liable unto the plaintiff for the aforedescribed damages based upon the following grounds:

       a)     Failure to comply with the requirements of the Rail Passenger Service Act of 1970, as amended, the Amtrak Reform and Accountability Act of 1997, as amended, and the rail safety provisions of 49 U.S.C. 20101 *et seq.*, which breach of duty towards plaintiff resulted in the Accident. Breaches of duty hereunder include, *inter alia*, failure to maintain a safe rail system; failure to properly utilize federal and company funds to effect procedure and policy to prevent such occurrences such as the Accident; failure to properly and utilize federal and company funds to provide an adequate infrastructure for the safe carriage of passengers and property;

       b)     negligence;

       c)     strict liability;

- 6 -

d)      vicarious liability of its employees based upon their failure to perform their duties and based upon their negligence;

e)      negligent hiring practices;

f)      failure to properly supervise those people and things for which it is responsible;

g)      punitive damages; and,

h)      those other causes of action as may be shown at the trial of this matter

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

1.      Determining that this action is a proper class action and certifying plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

2.      Awarding damages in favor of plaintiff and the other Class members against defendant, for all damages sustained as a result of defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

3.      Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

4.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: April 19, 2002

**CAULEY GELLER BOWMAN &
    COATES, LLP**

By: _____
    Paul J. Geller, Florida Bar No. 984795
    Jonathan M. Stein, Florida Bar No. 009784
2255 Glades Road, Suite 421A
Boca Raton, FL  33431
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

**PYLE, JONES, HURLEY & HAND, P.A.**

By: _____
    Robert C. Hand, Florida Bar No. 0991244
1069 West Morse Blvd.
Winter Park, Florida 32789
Telephone: (407) 740-8856
Facsimile: (407) 740-8745

**Attorneys for Plaintiff**

Of Counsel:

Paul M. Brannon, Louisiana Bar No. 22269
KEMP & BRANNON, L.L.C.
911 Veterans Blvd., Suite 202
Metairie, Louisiana 70005
Telephone: (504) 833-7005
Facsimile: (504) 834-9372